7330

SUBER v. NASH.

WILLS—CHILDREN—CODE, 2486.—Under the terms of the will in question, the children of a son dying several years before testator and not mentioned in the will, are not included in the terms "all my children" in the connection in which they are here used. Section 2486, Code of Laws, does not apply here, nor in case the child of testator was dead when will was executed.

Before GAGE, J., Richland, February, 1909. Affirmed.

Action by Lizzie Suber and Gracie Nash, minors, by guardian, against James Sterling Nash *et al.* From judgment sustaining demurrer to complaint, plaintiffs appeal.

*Mr. Hunter A. Gibbes,* for appellants, cites: *The plaintiffs are legatees:* 11 Rich. Eq., 554; 26 S. C., 450. *Devise to a class:* 29 S. W., 315; 9 S. W., 775; 2 L. R. A. (N. S.), 582; 27 N. E., 346; 137 Mass., 409; 166 Pa., 300; 145 Mass., 517; 155 Mass., 415; 1 DeS. Eq., 497; 1 Brad., 252; 8 Sim., 360; 9 Sim., 549; 6 Sim., 329; 2 Beav., 308; 3 Hare,

438; 32 Atl., 374; 81 Me., 268; 84 Me., 185; 46 Me., 546;
17 Me., 408; 4 Met., 339; 18 Ency., 758; 2 S. & G., 404;
5 Hare, 306; 7 Hare, 473; Drewry, 19; 9 Rich. Eq., 137.

*Messrs. Nelson & Nelson* and *Melton & Belser,* contra,
cite: *Plaintiffs' parents being dead when will was made,
they take nothing:* sec 2486, Code of Laws; 11 Rich. Eq.,
554; 4 Strob. Eq., 179; 2 L. R. A. (N. S.), 581; 18 Ency.,
758; 53 N. J. Eq., 566; 56 S. C., 7; 30 Ency., 671; 6 Rich.
Eq., 26; 30 Ency., 814; 26 S. C., 451; 1 Mer., 320; 9 Sim.,
372; 4 Russ., 73; 2 Hare, 268; 43 Ch. Div., 569; 125 N.
Y., 74; 62 N. E., 1101; 39 Atl. R., 368; 121 Mass., 198;
53 Atl. R., 281.

October 21, 1909. The opinion of the Court was deliv-
ered by

MR. CHIEF JUSTICE JONES. The appeal is from an order
sustaining a demurrer to the complaint for insufficiency, and
involves the construction of the will of Dorcas Nash.

It appears by the complaint that on August 20, 1900,
Dorcas Nash executed her will, and early in 1903 died, the
will being admitted to probate on June 9, 1903.

The plaintiffs claim certain interests under the will as
children of Beverly Nash, who was son of William Beverly
Nash and Dorcas Nash. By item 2 of the will testratrix
devises a certain house and lot to her daughter, Dorcas
Thompson by name; by item 3 she gives proceeds of sale
of certain real estate, to be divided into "five equal shares—
one share to be given to my son, William; one share to my
son Sterling; one share to my daughter, Lizzie; one share
to the child of my deceased daughter, Grace Washington;
and the other one to my two daughters, Nannie and Sallie,
share and share alike; the child or children of a deceased
child to take the share of its or their parents."

By item 4 she directs the executor to sell the farm, on
Wheeler's Hill, in Columbia, and to "divide the proceeds

of sale, share and share alike, amongst all of my children; the child or children of a deceased child to take the share its or their parents would have been entitled to if living." By item 5 she directs her executor to sell all the rest and residue of real estate and to "divide the proceeds of such sale, share and share alike, amongst all of my children, aforesaid; the child or children of a deceased child to take its or their parents' share;" making certain specific bequests to her daughter, Sallie Moore; her daughter, Dorcas Thompson; her granddaughter, Beretina Thompson; and bequeathing the proceeds of certain personal property, to be "divided, share and share alike, among all my children." The contest narrows down to the claim of plaintiffs under the fourth item.

Plaintiffs contend that under item 4 and section 2486 of the Code of Laws the words, "all of my children, the child or children of a deceased child to take the share its or their parents would have been entitled to if living," embrace them as children of Beverly, a son of the testratrix.

Beverly died in 1889, about eleven years prior to the date of the will, and about fourteen years prior to the death of the testatrix. The will does not mention Beverly or the plaintiffs by name. Section 2486 of the Code of Laws, vol. I, 1902, is as follows: "If any child should die in the lifetime of the father or mother, leaving issue, any legacy or personalty or devise of real estate, given in the last will of such father or mother, shall go to such issue, unless such deceased child was equally portioned with the other children by the father or mother when living."

The demurrer admits that Beverly was not equally portioned with the other children by father or mother when living.

The Circuit Court sustained the demurer, holding that plaintiffs have no interest under the will, and dismissed the complaint.

We construe the words, "all of my children," in item 4, to mean the same as "all of my children, aforesaid," in item

5, and as the children were called by name previously in the will, and the name of Beverly was not among them, there was no intention to give anything to Beverly; hence section 2486 does not apply. Furthermore, the statute does not apply where the child was dead when the will was executed, as in this case. *Pegues* v. *Pegues,* 11 Rich. Eq., 554.

The judgment of the Circuit Court is affirmed.